UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

THERON PHONE HUNT,

        Plaintiff,

v.

BRADLEY BALK et al.,

        Defendants.
_____/

Case No. 1:19-cv-584

Honorable Paul L. Maloney

**OPINION**

This is a civil rights action brought by a county jail inmate under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    **I.**    **Factual allegations**

Plaintiff is presently confined in the St. Joseph County Jail in Centreville, Michigan. The events about which he complains occurred at that facility. Plaintiff sues St. Joseph County Sheriff Bradley Balk and St. Joseph County Jail Administrator Kitty Buchner.

Plaintiff alleges that Defendants are responsible for the operation of the jail and that they have failed to provide adequate access to a law library, legal research materials, or professional legal assistance to permit the inmates to pursue nonfrivolous civil rights claims concerning the conditions of confinement in the St. Joseph County Jail. Plaintiff identifies three legal claims he would like to pursue if only he had adequate legal resources: (1) denial of necessary medical care for a ruptured bicep tendon due to mishandling of Plaintiff by officers; (2) denial of minimally adequate heat; and (3) denial of nutritionally adequate meals. Plaintiff claims the Defendants' actions, or more accurately inaction, have denied him access to the courts in violation of the First Amendment.

Plaintiff seeks compensatory and punitive damages and an injunction compelling the sheriff to provide legal assistance.

## II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff seeks relief for violation of his First Amendment rights.

### III. Access to the courts

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. The right of access to the courts also prohibits prison officials from erecting

barriers that may impede the inmate's access to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the

underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

Plaintiff has adequately described three civil rights claims that he would like to bring, but claims he cannot because of the lack of legal resources. The claims are not frivolous based on the brief descriptions Plaintiff has provided. But, Plaintiff has failed to show that he has lost anything with regard to those claims yet. Because the claims relate to Plaintiff's detention at the St. Joseph County Jail, and Plaintiff has been detained there for only about one year, his claims could still be timely raised.

The *Lewis* court recognized that "*Bounds* did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance." *Lewis*, 518 U.S. at 351. The Supreme Court encouraged local experimentation to meet the requirement of access to the courts. One method specifically mentioned in *Lewis* includes "a system of court-provided forms that ask[] inmates to provide only the facts and not to attempt any legal analysis." *Id*. at 352.

This Court provides such forms to permit prisoners to raise claims under 42 U.S.C. § 1983. It is possible that Plaintiff, when he filed his initial complaint, did not understand that he might raise a claim simply by stating the facts and that this Court discourages the inclusion of legal argument or citations to authority in prisoner civil rights complaints. Plaintiff's initial complaint indicated that he filed the complaint—a handwritten document with a caption, numbered sections, numbered paragraphs, numbered counts, a prayer for relief, and a jury demand—with the assistance of counsel. He then requested this Court's form complaint and submitted an amended complaint that at least starts on the form. It continues with a handwritten complaint virtually identical to the initial complaint except that, in the amended version, Plaintiff makes clear that he is not represented by legal counsel in any civil rights legal matter, including this one.

Plaintiff's amendment was important. A prisoner who is represented by counsel has no freestanding right to access a jail law library. "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis*, 518 U.S. at 351 (quoting *Bounds*, 430 U.S. at 825). An inmate's right of access to the courts is fully protected if he is represented by counsel. *Skelton v. Pri–Cor, Inc.*, 963 F.2d 100, 104 (6th Cir. 1991); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983). *Cf. United States v. Sammons*, 918 F.2d 592, 602 (6th Cir. 1990) (defendant's waiver of right to court-appointed counsel and decision to represent self in defense of criminal prosecution constituted waiver of right of access to law library).

Plaintiff's amended complaint, fails to allege any lost remedy resulting from Defendants' failure to provide legal resources. The materials he has filed in this action belie any claim that he is stymied in his effort to raise the three claims he contemplates by a lack of legal resources. Because Plaintiff fails to allege any "actual injury," he has failed to state a claim for denial of access to the courts.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's amended complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the

$505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: December 4, 2019        /s/ Paul L. Maloney
                               Paul L. Maloney
                               United States District Judge